UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jairo Gonzalez, Esvelin Perez, and Darwin Morales Diaz, : : : **Plaintiffs** : : v. : : Little K's Landscaping, LLC, and Karl Kieslich, Jr., : : **Defendants** : | November 19, 2021 |

## I. INTRODUCTION

1. The plaintiffs are three laborers, Jairo Gonzalez, Esvelin Perez, and Darwin Morales Diaz, who were formerly employed by the defendants, Little K's Landscaping, LLC, and its owner Karl Kieslich, Jr. The plaintiffs allege that the defendants failed to pay them all of their regular earned wages, in violation of Conn.Gen.Stat. §31-71a through §31-71e; and failed to pay them overtime wages, in violation of the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.* and the Connecticut Minimum Wage Act (CMWA), Conn.Gen.Stat. §31-58, *et seq.*.The plaintiffs bring this action seeking payment of all wages owed, including all overtime wages pursuant to 29 U.S.C. §207 and Conn.Gen.Stat. §31-76c, liquidated damages pursuant to 29 U.S.C. §216(b), double damages pursuant to Conn.Gen.Stat. §31-76c and §31-72, and an award of their reasonable attorney's fees and costs as provided by the FLSA and Connecticut law.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that

the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to his claim occurred within this judicial district.

## III.   PARTIES

4. The plaintiffs, Jairo Gonzalez, Esvelin Perez, and Darwin Morales Diaz, are persons residing in Connecticut. At all times relevant to the Complaint they were each an employee of the defendants as that term is defined by 29 U.S.C. §203(e) and Conn.Gen.Stat. §31-58(e).

5. Defendant Little K's Landscaping, LLC, is a limited liability company registered in the State of Connecticut since 2017, with a business address of 2 Autumn Leaves Road, Wallingford, Connecticut 06492. The defendant was at all times relevant to this Complaint an employer as that term is defined by 29 U.S.C. §203(d) and Conn.Gen.Stat. §31-58(d).

6. Defendant Karl H. Kieslich, Jr. is the principal and sole member of defendant Little K's Landscaping, LLC, with a residence address of 2 Autumn Leaves Road, Wallingford, Connecticut 06492. The defendant was at all times relevant to this Complaint an employer as that term is defined by 29 U.S.C. §203(d) and Conn.Gen.Stat. §31-58(d), as he has final decision and ultimate control of the setting and payment of wages to defendant Little K's Landscaping's employees.

## IV.   FACTS

7. The defendants have contracts performing landscaping services, paving, excavation, and/or snow removal for various residential, business, and governmental

customers in Connecticut. The defendants' governmental customers include the Town of Wallingford, Wallingford Public Schools, and Southington Public Schools.

8. The defendants hired plaintiffs Esvelin Perez and Darwin Morales Diaz as laborers performing landscaping work in or about mid-May 2021. The defendants agreed to pay Perez at the rate of $16.00 an hour and Diaz at the rate of $17.00 an hour.

9. The defendants hired Jairo Gonzalez as a laborer performing landscaping work approximately two weeks later. The defendants agreed to pay Gonzalez at the rate of $18.00 an hour.

10. For approximately the first two months of the plaintiffs' employment by the defendants, the defendants paid the plaintiffs their regular hourly wages for the work they performed.

11. Although the plaintiffs regularly worked more than forty hours each week, the defendants did not pay them overtime wages at one and one-half times the plaintiffs' regular hourly rate for hours worked in excess of forty hours in a one week period.

12. Beginning in or about July 2021, the defendants became erratic in their payment of wages. In some weeks, the defendants' employees, including the plaintiffs, were not paid or were paid with checks that could not be cashed or were returned for lack of funds. In some other weeks, the defendants did not pay the plaintiffs at all, but told them they would have to wait for their wages.

13. By the end of September the plaintiffs had quit employment with the defendants because he had failed to pay them all of their wages.

14. The plaintiffs have requested payment from the defendants and they have refused to pay what they owe.

15. The defendants were and are aware of their obligation to pay overtime wages to their employees. After ending their employment with the defendants, the plaintiffs learned that they should have been paid overtime wages for weeks in which they worked more than forty hours.

16. As of the date of this Complaint, the defendants owe plaintiff Jairo Gonzalez for four weeks of work, in which he worked 63, 72.25, 71.25, and 81.50 hours.

17. Calculated at the regular wage rate of $18.00 an hour, and with overtime calculated at $27.00 an hour for hours worked over forty in a one week period, plaintiff Jairo Gonzalez's unpaid wages may be calculated as follows:

Week One:   [40 hours x $18 = $720] + [23 hours x $27 = $621] = $1,341

Week Two:   [40 hours x $18 = $720] + [32.25 hours x $27 = $870.75] = $1,590.75

Week Three: [40 hours x $18 = $720] + [31.25 x $27 = $843.75] = $1,563.75

Week Four:  [40 hours x $18 = $720] + [41.50 x $27 = $1,120.50] = $1,840.50

Total wages owed =  $6,336.00

18. As of the date of this Complaint, the defendants owe plaintiff Esvelin Perez for three weeks of work, in he worked 74.50, 69.45, and 53.25 hours. Calculated at the regular wage rate of $16.00 an hour, and with overtime calculated at $24.00 an hour for hours worked over forty in a one week period, plaintiff Esvelin Perez's unpaid wages may be calculated as follows:

Week One:   [40 hours x $16 = $640] + [34.50 hours x $24 = $828.00] = $1,468.00

Week Two:   [40 hours x $16 = $640] + [29.45 hours x $24 = $706.80] = $1,346.80

Week Three: [40 hours x $16 = $640] + [13.25 hours x $24 = $318.00] = $958.00

Total wages owed = $3,772.80

19. As of the date of this Complaint, the defendants owe plaintiff Darwin Morales Diaz for three weeks of work, in which he worked 62.45, 72.00, and 38.26 hours. Calculated at the regular wage rate of $17.00 an hour, and with overtime calculated at $25.50 an hour for hours worked over forty in a one week period, plaintiff Esvelin Perez's unpaid wages may be calculated as follows:

Week One:   [40 hours x $17 = $680] + [22.45 hours x $25.50 = $572.48] = $1,252.48

Week Two:   [40 hours x $17 = $680] + [32.00 hours x $25.50 = $816.00] = $1,496.00

Week Three: 38.26 hours x $17 = $650.42

Total wages owed = $3,398.90

## V. COUNT ONE: VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

1. The plaintiffs re-state, re-allege and incorporate by reference paragraphs 1 through 19, above.

20. The defendants' failure to pay the plaintiffs overtime at the rate of one and one-half times the plaintiffs' regular hourly rates for all hours worked in excess of forty hours in a one week period is in violation of the overtime provisions of the Fair Labor Standard Act, 29 U.S.C. §207.

21. The defendants' failure to pay overtime wages was and is in willful violation of the plaintiffs' legal rights, such that the plaintiffs are entitled to an award of liquidated damages and reasonable attorney's fees and costs as provided by 29 U.S.C. 216(b).

## VI. COUNT TWO: VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

1. The plaintiffs re-state, re-allege and incorporate by reference paragraphs 1 through 19, above.

20. The defendants' failure to pay the plaintiffs overtime at the rate of one and one-half times the plaintiffs' regular hourly rates for all hours worked in excess of forty hours in a

one week period is in violation of the overtime requirements of the Connecticut Minimum Wage Act, including Conn.Gen.Stat. §31-76c.

21. The defendants' failure to pay overtime wages was and is in willful violation of the plaintiffs' legal rights, such that the plaintiffs are entitled to an award of twice the full amount of such overtime wages and reasonable attorney's fees and costs as provided by Conn.Gen.Stat. §31-68(a).

**VII.   COUNT THREE: CLAIM FOR WAGES PURSUANT TO CONN.GEN.STAT. §31-72**

1. The plaintiffs re-state, re-allege and incorporate by reference paragraphs 1 through 19, above.

20. The defendants' failure to pay the plaintiffs all of their weekly wages and failure to pay all wages owed at the time of the termination of the plaintiffs' employment is in violation of the wage payment requirements of Conn.Gen.Stat. §31-71a through §31-71e, and actionable by Conn.Gen.Stat. §31-72.

21. The defendants' failure to pay wages when they are owed was and is in willful violation of the plaintiffs' legal rights, such that the plaintiffs are entitled to an award of twice the full amount of such wages and reasonable attorney's fees and costs as provided by Conn.Gen.Stat. §31-72.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs seek as their remedies:

1. Award the plaintiffs their unpaid overtime wages pursuant to 29 U.S.C. §207 and Conn.Gen.Stat. §31-68c;

2. Award the plaintiffs' their liquidated damages pursuant to 29 U.S.C. §216(b) and double damages pursuant to Conn.Gen.Stat. §31-68c;

3. Award the plaintiffs double their unpaid wages pursuant to Conn.Gen.Stat. §31-72;

4. Award the plaintiffs their reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b), Conn.Gen.Stat. §31-68c, and Conn.Gen.Stat. §31-72; and

5. Award such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED,
JAIRO GONZALEZ, ESVELIN PEREZ,
AND DARWIN MORALES DIAZ,
THE PLAINTIFFS, by

  / s /  *Peter Goselin*
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
pdgoselin@gmail.com