UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jairo Gonzalez, Esvelin Perez, and Darwin Morales Diaz, <br><br>    **Plaintiffs** <br><br>    v. <br><br>Little K's Landscaping, LLC, and Karl Kieslich, Jr., <br><br>    **Defendants** | Case No. 3:21-cv-1551 (RMS) <br><br><br><br><br><br>May 13, 2022 |

**PARTIES' JOINT MOTION FOR APPROVAL OF THEIR SETTLEMENT**

**I.     INTRODUCTION**

This action was brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Connecticut Minimum Wage Act, Conn.Gen.Stat. §31-68, *et seq.* As the parties have now reached a mutually acceptable settlement, they seek the Court's approval of the terms of said settlement.[1]

The three plaintiffs in this matter – Jairo Gonzalez, Esvelin Perez, and Darwin Morales Diaz – were employed by defendant Little K's Landscaping, LLC to perform landscaping work. The plaintiffs claim they are owed wages by the defendants, including overtime wages. In their Complaint they have stated claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, et seq., and the Connecticut Minimum Wage Act (CMWA), Conn.Gen.Stat. §31-58, et seq. The damages sought by the three plaintiffs were wages owed for between two and four weeks of work, including overtime pay at one and one-half times the regular hourly rate for all hours worked in excess of forty (40)

---
[1] The parties have separately entered into the negotiation of a confidential settlement agreement consistent with the monetary terms of settlement described herein.

hours per week, double damages and reasonable attorney's fees, pursuant to the FLSA and CMWA.

## II.   STATEMENT OF RELEVANT FACTS

The plaintiffs began working for the defendants in May 2021 and their employment ended in September 2021. The plaintiffs allege that they regularly worked more than forty (40) hours each week, though the defendants did not pay overtime wages as prescribed by the FLSA and CMWA. For the first two months of their employment, however, the defendants did pay the plaintiffs their weekly wages, consisting of "straight time pay" for each hour that they worked. The plaintiffs allege that beginning in July 2021 and continuing until the end of their employment, the defendants' payment of wages became erratic and that they were not paid for some weeks of work. The defendants dispute this and allege that all of the wage payments can be accounted for.

Per the Court's *Standing Order for Fair Labor Standards Act Cases Not Pleaded as Collective Actions* the parties exchanged copies of the plaintiffs' time cards and the parties' respective calculations of the wages at issue.

## III.   DISCUSSION

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," the FLSA falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). A district court should approve such a settlement if it finds it to be fair and

reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

Here, the parties seek approval of a settlement where the gross sum of $22,000.00 (Twenty-Two Thousand Dollars and No Cents) is allocated among the three plaintiffs and their legal counsel as follows:

> Jairo Gonzalez is allotted $ 6,335.00 (Six Thousand Three Hundred and Thirty-Five Dollars);
>
> Esvelin Perez is allotted $ 3,770.00 (Three Thousand Seven Hundred and Seventy Dollars);
>
> Darwin Morales Diaz is allotted $ 3395.00 (Three Thousand Three Hundred and Ninety-Five Dollars); and
>
> Payment in the amount of $ 8,500.00 (Eight Thousand and Five Hundred Dollars) is allotted to "The Law Office of Peter Goselin" in full satisfaction of all claims for attorneys' fees and costs.

1. Range of Recovery

The payments to the three plaintiffs represent approximately the sums that they had claimed to be owed in their Complaint, not liquidated or doubled as provided by the FLSA and the Connecticut Minimum Wage Act, but with an additional amount to compensate their legal counsel. The Court should find that this is a reasonable settlement where the plaintiffs received their wages due and compromised on their claims for double damages.

2.     Burden and Risks of Litigation

This settlement is occurring early in litigation and permits both parties to avoid the time and expense of discovery, motion practice, and trial. The parties acknowledge that the factual disputes present in this case present them with risks were they to proceed with litigation. With a settlement, the Plaintiffs can obtain immediate recovery versus a delayed recovery or none at all for certain claims.

3.     Arm's Length Negotiation

The parties represent that the settlement was a product of an arm's-length negotiation represented by competent and experienced wage and hour counsel. Additionally, the parties' counsel appeared before the Court multiple times at a settlement conference to discuss the terms of the settlement. The parties further exchanged relevant documents and shared facts and information both prior to and during the settlement conference.

4.     Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

5.     Reasonableness of Attorney's Fees

A lodestar cross-check supports the allocation of attorney's fees. The lodestar multiplier is calculated by dividing the fee award by the lodestar (the reasonable hours billed multiplied by a reasonable hourly rate). See *Goldberger v. Integrated Res.*, 209 F.3d 43, 50 (2d Cir. 2000) ("[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case."). Here, multiplying the hourly rate plaintiffs' counsel claims is appropriate for his work ($450/hour) by the hours of work performed (28.40) results in a lodestar of $12,780. In

comparison, the fees requested are $8,500. Thus, the lodestar cross-check supports the reasonableness of the amount of fees sought.

## IV. CONCLUSION

For the foregoing reasons, the parties request that the Court approve their proposed settlement agreement as fair and reasonable.

RESPECTFULLY SUBMITTED,

PLAINTIFFS,
JAIRO GONZALEZ, ESVELIN PEREZ, and DARWIN MORALES DIAZ,

by  / s / Peter Goselin ct06074
The Law Office of Peter Goselin
P.O. Box 331313
Hartford, Connecticut 06133
Tel. 860-580-9675
pdgoselin@gmail.com

DEFENDANTS,
LITTLE K'S LANDSCAPING, LLC, AND KARL KIESLICH, JR.,

by /s/ Maura A. Mastrony
Maura A. Mastrony (ct27787)
Stephen P. Rosenberg (ct26601)
Littler Mendelson, P.C.
One Century Tower
265 Church Street, Suite 300
Tel: (203) 974-8700
Fax: (203) 974-8799
mmastrony@littler.com
sprosenberg@littler.com

## CERTIFICATION

I hereby certify that on May 13, 2022, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

　　　　　　　　　　　　　　　　　　　　　　　　_/s/  Peter Goselin_